# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI

IN RE NU CORP INTERNATIONAL   District Ct. No. 3:07cv89
TECHNOLOGIES, INC.

ALAN CARLEY et al.                                        Appellants

vs.

ADVANCED PETROLEUM
TECHNOLOGIES, INC. et al.                                 Appellees

## ORDER

This cause comes before the court on the motion of appellees to dismiss this bankruptcy appeal for lack of standing. The instant appeal is made from an adversary proceeding before U.S. Bankruptcy Judge David Houston, in which Judge Houston found, *inter alia*, that a $495,000 license fee owed by involuntary Chapter 11 debtor Nu-Corp International Technologies, Inc. was in default. The facts surrounding this finding by Judge Houston are exceedingly complex, but it is undisputed that the actual parties to this adversary proceeding did not include the appellants herein. This fact has led the appellees to argue that this appeal should be dismissed for lack of standing.

The Bankruptcy Act of 1898 originally limited standing to appeal a bankruptcy case to "persons aggrieved" by an order of the referee. *See* 11 U.S.C. § 67(c) (1976). Although subsequent amendments to the Bankruptcy Code repealed this language, the Fifth Circuit as well

as other circuits have continued to apply the "persons aggrieved" standard for bankruptcy standing. *See, e.g., In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004); *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n. 18 (5th Cir. 1994). The Fifth Circuit has noted that the "person aggrieved" test is "an even more exacting standard than traditional constitutional standing," requiring that an appellant show he was "directly and adversely affected pecuniarily by the order of the bankruptcy court. " *Coho*, 395 F.3d at 202-03 (citations omitted). An "indirect financial stake" in another's claims is insufficient for standing; rather, the "injury or threat of injury must be both real and immediate." *Rohm*, 32 F.3d at 208.

Appellees argue that standing is lacking in light of the aforementioned authority, and they emphasize that none of the appellants herein were parties to the adversary proceeding in question. While the "persons aggrieved" standard does not appear to limit standing to actual parties, the court does conclude that it is incumbent upon appellants to present some arguments and/or evidence which might support a conclusion that they are "persons aggrieved" by Judge Houston's order. Appellants have presented no such arguments. Indeed, in response to appellee's motion, appellants merely assert that they "participated" in the adversary proceeding, although appellee's reply brief casts serious doubt upon this assertion. Regardless, the Fifth Circuit has recently made it clear that, even assuming that a bankruptcy appellant participated in the underlying bankruptcy proceedings, "he would still be required to establish he is a 'person aggrieved,' that is, he was directly and adversely affected, and his injury is more than merely speculative." *In Matter of The Watch Ltd.*, 2007 WL 4328801 (5th Cir. 2007), *citing Coho*, 395 F.3d at 203.

Appellants have presented essentially no arguments which might lead this court to

2

conclude that they were "directly and adversely affected" by Judge Houston's order in this case, instead merely noting their alleged participation in the proceedings below. This is plainly insufficient to establish that appellants are "persons aggrieved" by Judge Houston's order, and the motion to dismiss for lack of standing is therefore due to be granted.

In light of the foregoing, it is ordered that appellee's motion to dismiss [5-1] this bankruptcy appeal is granted.

SO ORDERED, this the 24th day of March, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**